UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELDRIDGE J POLLARD | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 24-224 |
| | * | |
| LOUIS DEJOY, POSTMASTER GENERAL | * | SECTION "L" (2) |
| UNITED STATES POSTAL SERVICE | | |

## ORDER & REASONS

Before the Court is a motion to dismiss for failure to state a claim filed by Defendant Louis Dejoy, Postmaster General of the United States. R. Doc. 19. Plaintiff Eldridge Pollard opposes the Motion. R. Doc. 22. Defendant replied. R. Doc. 26. The Court ordered Plaintiff to submit supplemental briefing, R. Doc. 27, which Plaintiff filed. R. Doc. 28. Considering the record, the parties' briefing, and the applicable law, the Court now rules as follows.

## I.      BACKGROUND

Plaintiff brings this employment discrimination lawsuit against his employer, the United States Postal Service (USPS). R. Doc. 1. Plaintiff is a fifty-three-year-old African American man. *Id.* at 9. Plaintiff alleges that he was hired by USPS in 1998 as a window clerk. *Id.* at 3. By 2010, he was working as an acting supervisor of the New Orleans Processing and Distribution Center. *Id.* at 4. On April 5, 2010, Plaintiff alleges that he suffered a knee injury on the job when his superior instructed him to manually move a large over the road container. *Id.* Plaintiff alleges that USPS wrongfully limited his return to work after this injury. *Id.* at 5. Accordingly, Plaintiff filed an EEO Complaint, which was subsequently closed on August 21, 2010. *Id.*

Plaintiff alleges that "from June 2014 through December 2020, every attempt to return to work was derail[ed] by the management." *Id.* Plaintiff devotes eight pages of the complaint to

1

describing USPS's alleged refusal of accommodations and failures to hire during this period. *Id.* at 10-18. Plaintiff alleges that on January 19, 2021, he filed another EEO Complaint based on these adverse actions that took place from 2010 to 2020. *Id.* This Complaint alleged that "USPS denied reasonable accommodations over the past few years" and "every job application bid had been rejected and coded as ineligible." *Id.* at 6.

Plaintiff alleges that in January of 2021, USPS management made him two job offers contingent on his decision to withdraw the January 19, 2021, EEO Complaint. *Id.* at 18. He maintains that because he refused to withdraw the Complaint, he was given the "worst tour schedule," or shift. *Id.* He avers that various USPS employees "harbored retaliatory animus" toward him thereafter. *Id.* at 20.  He also contends that his supervisors "began issuing him pretextual counseling or discipline for various alleged poor performance." *Id.* at 20. Plaintiff also alleges that his supervisors tampered with or refused to accept his medical documentation throughout the COVID-19 pandemic to derail his attempts to obtain a better schedule. *Id.* at 21.

Plaintiff further alleges that in mid-2021, he was the senior bidder on two job positions (#70710092 and #9557547) which would have allowed him to be placed on a better tour schedule. *Id.* at 22. He also requested this improved tour schedule as an accommodation for his disability. *Id.* at 25. He was briefly assigned to a better tour schedule and believed he would receive at least one of the two positions. *Id.* at 23. On July 2, 2021, a supervisor sent an email confirming that Plaintiff should be award position #9557547. *Id.* at 24. However, Plaintiff alleges that due to management's continuing disability-based animus, and their lingering retaliatory animus resulting from his prior EEOC charges, management continually delayed placing him in the position. *Id.* at 25-26. He alleges that he was notified in January of 2022 that a retirement disability application was being processed and he was in "LWOP status." *Id.* He

alleges that in February of 2022, without his knowledge, position #9557547 was reposted and awarded to a female who quickly placed in the position. *Id.* Plaintiff does not say when he discovered that this other employee had been given the position.

Finally, Plaintiff alleges that on January 26, 2023, various management personnel "made false accusations" about the Plaintiff and "instructed him not to use the facility." *Id.* at 29. One supervisor sent an email complaining about Plaintiff "strolling around the Plant" and asking to restrict his access. *Id.* Plaintiff alleges that he needed to be in certain areas of the facility to use the bathroom on the main floor as part of his disability accommodations. *Id.* at 30.

Plaintiff alleges that he timely exhausted his administrative remedies. R. Doc 28. He now brings suit under Title VII, 42 U.S.C. § 2000 et seq., the Rehabilitation Act, 29 U.S.C., the ADEA, 29 U.S.C. § 633a et seq., as well as "Louisiana state law." *Id.* at 2. He alleges "unlawful retaliation" in that he was given a bad "tour schedule," or shift, after refusing to withdraw his EEO complaint in 2021 and was thereafter prevented from obtaining new positions with better tour schedules. *Id.* at 32. He also alleges that Defendant discriminated against him and failed to make reasonable accommodations under the ADA and the Rehabilitation Act. *Id.* at 34-37.

## II.   PRESENT MOTION

Defendant filed a 12(b)(6) motion to dismiss all of Plaintiff's claims. R. Doc. 19. It contends that Plaintiff failed to exhaust his administrative remedies in three ways, which each independently require that some or all of his claims be dismissed. R. Doc. 19-1 at 1.

First, Defendant points out that Plaintiff alleges in his complaint that he brought two prior EEO administrative claims: one in August 2010 for failure to properly return him to work after his knee injury and one on January 19, 2021 based on Defendant's alleged refusal to promote him to ten different positions from 2010-2020. *Id.* at 6. Defendant notes that Plaintiff himself

admits in the complaint that these cases were closed in 2010 and 2021, respectively. *Id.* Therefore, Defendant alleges that the 90-day period within which Plaintiff could have appealed these cases to federal court has long expired. *Id.* Accordingly, it contends that any acts of alleged discrimination which formed the basis of a prior EEO Complaint cannot form the basis of his present action. *Id.*

Second, Defendant argues that Plaintiff failed to exhaust his administrative remedies as to any incident of discrimination that occurred more than 45 days before he contacted his EEO counselor on January 31, 2023. *Id.* Defendant avers that the applicable EEOC regulations require a plaintiff to contact an EEOC counsellor within 45 days of the alleged discriminatory action to preserve their right to bring a claim based on such action. *Id.* at 7. Plaintiff alleges in his complaint that he contacted the EEO counsellor on January 31, 2023. *Id.* Defendant maintains that Plaintiff's only allegation of discriminatory action that falls within this limitations period is that a management official complained about him strolling around the plant on January 26, 2023. *Id.* Accordingly, Defendant contends that claims based on any other incidents of discrimination should be dismissed. *Id.* Defendant further argues that the "continuing violation doctrine" does not apply to preserve Plaintiff's claims based on older acts of discrimination because Plaintiff has failed to demonstrate that the different acts are sufficiently related or continuous. *Id.* at 8-9.

Finally, Defendant avers that Plaintiff's entire suit must be dismissed because he failed to timely file his formal EEO administrative complaint within fifteen days of receiving his "notice of right to file" letter from the EEO counsellor, as required by the applicable regulations. *Id.* at 9. Defendant notes that Plaintiff admits that he received his right to file letter on May 24, 2023 and did not postmark his complaint until June 9, 2023. *Id.* Accordingly, because Plaintiff filed his administrative complaint on the sixteenth day—one day late—Defendant maintains that

Plaintiff's entire suit must be dismissed. *Id.* at 10. Although this fifteen-day time limit is subject to equitable tolling, Defendant argues that Plaintiff has not made any showing as to why equitable tolling is warranted. *Id.*

Plaintiff opposes the motion. R. Doc. 22. He argues that he is, in fact, bringing a hostile work environment claim. *Id.* at 13. Accordingly, he avers that claims arising out of all the older discriminatory actions he alleges should not be dismissed based on the continuing violation doctrine. *Id.* He argues that "Plaintiff's pleading in detail was purposefully done to illustrate how Mr. Pollard's disability has had the cumulative effect of the hostile discriminatory practice—the denial of job opportunities has been constant since his [2010] injury rather than any discrete occurrence." *Id.* at 12-13. He avers that the discriminatory actions in his complaint, such as not being awarded the ten job positions from 2010-2020 and being given the worst tour schedule in 2021, are "ongoing and relevant to his most current EEO Complaint." *Id.* at 10.

In reply, Defendant notes that Plaintiff does not dispute that he failed to appeal his older EEO complaints to federal court. *Id.* at 2. Plaintiff also does not dispute that he filed his administrative complaint one day past the applicable deadline. *Id.* Thus, Defendant avers that the Court should not reach the issue of whether the continuing violation doctrine applies to save Plaintiff's claims arising out of discrimination that occurred more than 45 days before he met with the EEO Counselor on January 31, 2024. *Id.* at 4. Even if it does, Defendant reiterates that Plaintiff does not mention "hostile work environment" in his complaint, and hostile work environment is the only cause of action where the continuing violation doctrine can apply. *Id.* Furthermore, Defendant maintains that Plaintiff's only claim of discrimination that occurred within the applicable 45-day period is that he was reprimanded for being in the wrong area of the plant. *Id.* at 5. Defendant thus argues that none of the prior discrimination, such as failure to

promote or to make scheduling accommodations, is sufficiently related to this incident to justify application of the continuing violation doctrine. *Id.*

In supplemental briefing, Plaintiff addresses Defendant's contention that his entire suit should be dismissed for failure to file his administrative complaint within the fifteen-day window. R. Doc. 28. Plaintiff represents that he was *pro se*, he had both physical and mental disabilities, and he was confused about whether normal timelines applied to his claim given the ongoing COVID-19 pandemic. *Id.* at 2, 3. Moreover, Plaintiff avers that he deposited his claim with a USPS window clerk on June 7, 2023—the fourteenth day—for mailing. *Id.* at 4. However, the USPS employee was off work on June 8, 2023, and did not actually postmark the mail until June 9, 2023, the sixteenth day. *Id.* Plaintiff also submits his affidavit attesting to these facts. R. Doc. 29. Because he attempted to comply with his filing deadline, Plaintiff avers that equitable tolling should apply. R. Doc. 28 at 4.

### III.    APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190,

196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

In considering a motion to dismiss for failure to state a claim, a court must typically limit itself to the contents of the pleadings, including their attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "If, on a motion under 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Nevertheless, uncontested documents referred to in the pleadings may be considered by the Court without converting the motion to one for summary judgment even when the documents are not physically attached to the complaint. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002). The Court may also consider documents attached to a motion to dismiss without converting the motion into one for summary judgment if the documents are referred to in the complaint and are central to the plaintiff's claim. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

### IV.   DISCUSSION

Preliminarily, the Court notes that it will consider the documents Defendant attaches to its motion. These include Plaintiff's notice of right to file letter (R. Doc. 19-2), the Agency's decision in his administrative claim (R. Doc. 19-3), Plaintiff's EEO charge (R. Doc. 19-4), and the EEOC's decision on appeal (R. Doc. 19-5). Plaintiff refers to all of these documents in his complaint and they are central to the pending issue of administrative exhaustion. R. Doc. 1 at 7. In his briefing on the instant motion, Plaintiff does not dispute the authenticity of any of these documents. Accordingly, the Court turns to Defendant's arguments that plaintiff's claims should

be dismissed because (1) he failed to file his complaint within the applicable fifteen-day period after receiving his notice of right to file letter, (2) he failed to appeal his prior EEO Complaints and the time for appeal has long expired, and (3) he failed to exhaust administrative remedies for all but one incident of discrimination by failing to meet with an EEO counsellor within 45 days of each incident. The Court will address Defendant's arguments in turn.

### A. Although Plaintiff's administrative complaint was technically postmarked one day past the applicable deadline, his suit should not be dismissed on this basis.

"The exhaustion of administrative remedies is a prerequisite to filing suit, under either Title VII, the ADEA, or the ADA." *Wright v. McHugh*, No. 5:13-449, 2014 WL 201072, at \*4 (W.D. Tex. Jan. 17, 2014). "In order for a federal-employee plaintiff to exhaust administrative remedies, a federal-employee-plaintiff must first comply with the EEO regulations as set forth in 29 C.F.R. § 1614.105 *et seq*." *Id.* Under 29 C.F.R. § 1614.106(b), "[a] complaint must be filed within 15 days of receipt of the notice [of right to file]." Further, under 29 C.F.R. § 1614.107(a)(2), "the agency shall dismiss an entire complaint . . . that fails to comply with the applicable time limits." These time limits are "subject to such equitable defenses as waiver, estoppel, and equitable tolling." 29 C.F.R. § 1614.604(c).

Although the Fifth Circuit has held that "equitable tolling is to be applied sparingly" the court has noted that it is "more forgiving, though, when a claimant or her attorney has exercised due diligence in pursuing her rights." *Granger v. Aaron's Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). For example, in *Granger v. Aaron's Inc.*, the Fifth Circuit upheld the district court's decision that equitable tolling applied to plaintiffs' failure to administratively exhaust remedies in an employment discrimination suit. *Id.* There, the plaintiffs filed their complaint with the wrong agency within the limitations period and did not file with the correct agency until after the limitations period expired. *Id.* at 713. The Court approved of the district court's reasoning that

the defendant had not been prejudiced by the minor delay, that the plaintiffs had exercised "due diligence" and that the "balance of equities tipped in favor of seeing [the plaintiffs'] claim survive." *Id.* Although the claim didn't "fall into any of the most common categories" the Fifth Circuit has identified as warranting tolling, the court nevertheless affirmed that such equitable tolling was appropriate. *Id.*

The parties have not identified, and the Court has not found, any case law within this Circuit that is highly analogous to the instant case. However, the Court finds *Garrison v. United States of America* instructive. 688 F. Supp. 1469 (D. Nev. 1988). There, the court held that equitable tolling applied to excuse the plaintiff's failure to file his administrative suit within the applicable fifteen-day deadline. *Id.* at 1473. The plaintiff's "attorney deposited the complaint in the United States mail in the late afternoon on the fifteenth day following his receipt of the Notice . . . consequently, the complaint was not postmarked until the following day—one day beyond the regulatory deadline." *Id.* Nevertheless, the Court found that equitable tolling applied because, although the plaintiff did not "comply perfectly with the procedural requirements," he had not "purposefully attempted a bypass of the regulations." *Id.* at 1473-74. Moreover, the defendant did not "allege that it had been prejudiced by the fact that the formal discrimination complaint was postmarked on the sixteenth, rather that the fifteenth, day following Plaintiff's receipt of Notice." *Id.* at 1474.

Here, almost identically to *Garrison*, Plaintiff avers that he deposited his complaint with a window clerk of USPS on June 7, 2023, the fourteenth day. R. Doc 29 at 1. The clerk did not mail the complaint on June 7, and was then off work on June 8, 2023. *Id.* at 2. Accordingly, Plaintiff's complaint was not postmarked until June 9, 2023, the sixteenth day. *Id.* Here, as in *Garrison*, the Court does not find that Plaintiff "purposefully attempted a bypass of the

regulations." 688 F. Supp. at 1474. Moreover, Defendant does not allege that the extra one-day delay caused it any appreciable prejudice. *Id.* Overall, as approved in *Granger*, the Court notes that Plaintiff attempted to exercise "due diligence" and that the "balance of equities tip[s] in favor of seeing [the] claim survive." 636 F.3d at 713. Accordingly, the Court will apply equitable tolling and will not dismiss Plaintiff's claim entirely for failure to file an administrative complaint within fifteen days of receipt of notice of right to file.

### B. Plaintiff cannot bring any claims based on acts of discrimination already litigated in prior EEOC suits.

Defendant notes that Plaintiff's complaint extensively details incidents of alleged discrimination that took place between 2010 and 2020. *See* R. Doc. 1 at 3-5, 9-17. But, it points out that Plaintiff also alleges in the complaint that he has previously brought two complaints with the EEOC based on the alleged discrimination during these years. *Id.* at 5. According to Plaintiff's instant complaint, these prior complaints were comprehensive: his January 19, 2021 EEO Complaint alleged that, "among other things," USPS management had "denied and refused reasonable accommodations for the past few years and every job application bid had been rejected and coded as ineligible because of Mr. Pollard's disability, and related hostile work environment." *Id.* at 5-6. By Plaintiff's own account, these cases were closed by the administrative agency in 2010 and 2021, respectively. *Id.* Defendant notes that Plaintiff does not allege that he appealed these decisions.

The Court finds that Plaintiff cannot base his instant suit on any acts of alleged discrimination that he has already litigated in his prior EEO complaints. As Defendant notes, Plaintiff was required to file a lawsuit appealing those claims within 90 days of final agency action on the suits. 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.407. By Plaintiff's own admission in his pleadings, the agency closed Plaintiff's cases in 2010 and 2021. Accordingly,

the time for appeal has long expired. Plaintiff cannot now 'appeal' those prior decisions in his present complaint, which arises from a different EEO charge.

Furthermore, Plaintiff cannot allege that past incidents of discrimination—already litigated in prior EEO Complaints—constitute part of a "continuing violation" relevant to the present suit. The continuing violation doctrine "provides that when a plaintiff alleges a hostile work environment claim, 'as long as an employee files her complaint while at least one act which comprises the hostile work environment claim is still timely, the entire time period of the hostile environment may be considered by a court for the purpose of determining liability.'" *Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 736 (5th Cir. 2017) (quoting *National R.R. Passenger Corps. V. Morgan*, 536 U.S. 101, 117 (2002)). The theory behind the continuing violation doctrine is that, in hostile work environment claims, acts within a more subtle pattern of discriminatory might not be sufficiently egregious or discrete to put the Plaintiff on notice that they have an actionable claim. *See Morgan*, 536 U.S. at 115-17. Accordingly, the court allows the plaintiff to include reference to acts within the pattern even if such acts fall outside of the applicable limitations period. *Id.*

However, in *Nwakanma v. Novelli*, the Court held that Plaintiff could not invoke the continuing violation doctrine based on any alleged discriminatory actions already litigated in a prior EEO suit. No. 10-1128, 2011 WL 5006521 at *3 (S.D. Tex. 2011). There, the plaintiff brought an employment suit based on the defendant's alleged failure to promote him over a 20-year period. *Id.* at *3. The court recognized that a viable claim could, in some instances, be based on a pattern of failure to promote. *Id.* However, the Court noted that "Plaintiff brought claims of discrimination against these Defendants in previous lawsuits." *Id.* at *4. Accordingly, it held that "[a]ny allegedly discriminatory act on which Plaintiff has already brought suit may not form the

basis of Plaintiff's discrimination claim in this case, since any act for which he brought a claim in the past is an act about which he was on notice that a cause of action had accrued, and is therefore a discrete act of discrimination." *Id.* Thus, the Court instructed the plaintiff to file an amended complaint alleging only those violations that had not already been addressed in a prior claim. *Id.*

In the instant suit, Plaintiff argues that the claims based on pre-2021 discrimination "illustrate how Mr. Pollard's disability has had the cumulative effect of the hostile discriminatory practice—the denial of job opportunities has been constant since his injury [in 2010] rather than any discrete occurrence." However, the Court disagrees. "[A]ny act for which he brought a claim in the past is an act about which he was on notice that a cause of action had accrued, and is therefore a discrete act" rather than part of a continuing violation. *Id.* Here, Plaintiff alleges in his complaint that he has already brought two suits alleging Defendant engaged in ten refusals to promote and other discriminatory actions from 2010-2020. As discrete acts already addressed in prior EEO claims, such acts are not appropriately considered in the present suit, either as part of a continuing violation or otherwise.

Accordingly, as in *Nwakanma*, the Court will allow Plaintiff an opportunity to amend his complaint. Plaintiff should remove references to any acts of discrimination already alleged in a prior EEO suit. To the extent that such information is relevant to other cognizable claims, addressed below, Plaintiff may note in the complaint that he filed an EEO claim on January 19, 2021. However, he should not describe the details of the claim.

### C. Construing Plaintiff's EEO charge liberally, Plaintiff has asserted discrimination, retaliation, and hostile work environment claims.

The parties dispute which of Plaintiff's remaining claims are timely. Under 29 C.F.R. § 1614.105(a)(1), "an aggrieved person must initiate contact with a Counselor within 45 days of

the date of the matter alleged to be discriminatory, or in the case of personnel action within 45 days of the effective date of the action." The record shows, and Plaintiff does not dispute, that Plaintiff met with an EEO Counsellor on January 31, 2023. R. Doc. 19-3 at 2. Accordingly, his suit is clearly timely to the extent it alleges acts of discrimination that occurred after December 17, 2022.

First, Defendant maintains that Plaintiff's only allegation of discrimination that occurred during this 45 day period is that a management official complained about Plaintiff being in an unauthorized part of the plant on January 26, 2023. However, the Court does not agree that this is demonstrably the only act of discrimination that Plaintiff alleges occurred in that period. Plaintiff also alleges that Defendant wrongfully refused to place him in position #95575477. He alleges that he was supposed to begin the job in 2021, but Defendants delayed actually placing him in the position. Although Plaintiff notes that Defendants placed another employee in the position in February of 2022, he states that this was done "without his knowledge." Overall, Plaintiff does not state when he was notified that he would not be given the position. However, the agency's ruling on Plaintiff's EEO charge, which is attached to Defendant's own motion, notes that "on January 18, 2023, you alleged management did not place you into Job ID Number 95575477." R. Doc. 19-3 at 1. If this date is correct, Plaintiff's discrimination or retaliation claim based on this incident would be timely. Accordingly, Defendant has not shown that Plaintiff's entire suit for discrimination or retaliation should be dismissed.

Nevertheless, as to Plaintiff's claims arising out of alleged discrimination that occurred more than 45 days before he initiated counselling, the law is clear that Plaintiff cannot bring "discrimination" or "retaliation" claims based on any incidents occurring before this cutoff. *See* 29 C.F.R. § 1614.105(a)(1); *Morgan*, 536 U.S. at 113 ("[d]iscrete discriminatory acts are not

actionable if time barred, even when they are related to acts alleged in timely filed charges."). This is because the "continuing violation" theory—which allows courts to consider otherwise time-barred acts of discrimination—"is applicable only to hostile work environment claims," not discrimination or retaliation claims. *Bashiri v. Alamo Cmty. Coll. Dist.*, No. SA-07-CV-1028, 2009 WL 2998228, at *2 (W.D. Tex. Sept. 16, 2009) (citing *Morgan*, 536 U.S. at 110-11). Accordingly, Plaintiff cannot, for example, bring a "retaliation" claim based on his allegation that Defendant assigned him to the worst tour schedule in 2021 in retaliation for his filing an EEO complaint.

However, the Court finds that Plaintiff has raised a viable hostile work environment claim. As Defendant points out, Plaintiff does not use the term "hostile work environment" in his complaint, except to describe claims brought in a past EEO complaint. However, courts have held that a plaintiff can adequately allege such a claim even without using the term "hostile work environment" where they allege "harassment" or facts that give the defendant "fair notice" of a hostile work environment claim. *See Melvin v. Barr Roofing Co.*, 806 F. App'x 301, 308 (5th Cir. 2020) ("[Plaintiff] sufficiently alleged a hostile work environment claim; failure to use the 'magic words' is not dispositive."). Here, Plaintiff's EEO charge alleges that his "postal career has been hindered by . . . harassment" and that "[o]n the night shift I endured constant harassment and unfair treatment from Annett Hampton and other members of management." R. Doc. 19-4 at 3. His complaint in the instant case further avers that various management personnel harbored "disability-based and retaliatory animus" towards Plaintiff and engaged in actions such as "issuing him pretextual counselling or discipline." R. Doc. 1 at 20. Thus, the Court finds that Plaintiff has sufficiently put Defendant on notice of a hostile work environment claim. When Plaintiff amends his complaint, he may designate a hostile work environment claim.

14

As to the scope of the hostile work environment claim, the "pre and post-limitations period incidents must be sufficiently 'related . .  to constitute a single practice.'" *Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 329 (5th Cir. 2009). The Court notes that detailed analysis and determination of which acts of discrimination are sufficiently "related" to form part of the hostile work environment would be premature on a motion to dismiss.[1] Here, the "post-limitations" conduct involves at least (1) management's refusal to place Plaintiff in position #9557547, which had a better tour schedule than his position, and (2) management issuing him a wrongful reprimand for being in the wrong part of the facility on January 26, 2023. The Court finds that all of Defendant's alleged post-January 19, 2021 conduct is sufficiently "related" to these incidents to survive a motion to dismiss. Plaintiff alleges that Defendants repeatedly placed him on bad tour schedules and refused to move him to positions with better tour schedules, which is related to Defendant's post-limitations failure to place him in job # 9557547. Further, he avers that he faced discriminatory animus from management, which repeatedly issued him pretextual warnings and discipline. This is sufficiently related to his timely allegation of being issued a wrongful reprimand on January 26, 2023. Overall, the Court finds that Plaintiff has raised a viable hostile work environment claim.

## V.    CONCLUSION

 For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion to dismiss, R. Doc. 19, is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** in that the Court finds that Plaintiff cannot raise acts of discrimination already alleged and dealt with in prior EEO complaints. Accordingly, **IT IS ORDERED** that Plaintiff amend his complaint to remove these allegations. The motion is

---

[1] Of course, the Court has already decided, above, that Plaintiff cannot base his hostile work environment claim on any discrimination for which he already brought suit in his August 2010 or January 19, 2021 EEO claims.

also **GRANTED** in that the Court will dismiss any "discrimination" and "retaliation" claims arising out of alleged acts of discrimination occurring before December 17, 2022. In all other respects, the motion is **DENIED.** The Court will not dismiss Plaintiff's hostile work environment claim for post-January 19, 2021 conduct, nor will it dismiss his claims based on acts of discrimination that occurred after December 17, 2022.

New Orleans, Louisiana, this 1st day of August, 2024.

HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE