**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ELDRIDGE POLLARD** | * | **CIVIL ACTION NO. 24-224** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **LOUIS DEJOY,** | * | **MAGISTRATE JUDGE** |
| **POSTMASTER GENERAL,** | | **DONNA PHILLIPS CURRAULT** |
| **UNITED STATES POSTAL SERVICE** | * | |

\*    \*    \*    \*    \*    \*    \*

**ORDER & REASONS**

Before the Court is a Motion to Strike Plaintiff's Experts filed by Defendant David Steiner, Postmaster General of the United States Postal Service. R. Doc. 73. Steiner asks the Court to strike nine of Plaintiff Eldridge Pollard's expert witnesses and not permit these witnesses to introduce evidence in support of a motion or at trial. R. Doc. 73-1 at 5–6. Pollard did not file an opposition to the motion.

Federal Rule of Civil Procedure 26(a)(2)(b) requires a party to provide formal expert reports for all experts retained specifically for litigation. Rule 26(a)(2)(C) requires a party to furnish summary disclosures for every non-retained expert who testifies. The summary disclosure must state "(i) the subject matter on which the witness is expected to present evidence [] and (ii) a summary of the facts and opinions to which the witness is expected to testify." *Id.* "If a party fails to provide information or identify a witness as required by Rule 26(a) [], the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37. "Adherence to [] scheduling orders [is] critical in maintaining the integrity of judicial proceedings" *1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1289 (5th Cir. 1991). Thus, "[t]he importance of proposed

1

expert testimony alone cannot singularly override the enforcement of scheduling orders." *Id.* at 1288.

The Court's current Scheduling Order establishes June 1, 2026, as the deadline for Pollard's expert disclosures and reports. R. Doc. 65. Pollard failed to provide any disclosures or reports by this deadline. On June 3, 2026, Pollard filed a "Fact, Expert Witness, and Exhibit List." R. Doc. 71. In that filing, Pollard identified the following individuals as expert witnesses: wage-loss expert Dr. Deryk Jones, and treating physicians Dr. Jennifer Thomas-Taylor, Marc D. Cavallino, Dr. Phillip W. Lundy, Tanya Brown, Roni Raines, Teresa Collins, and Danielle G. Rhodes. *Id.* at 1–2. Pollard stated that he intends to call the treating physicians as non-retained experts pursuant to Fed. R. Civ. P. 26(a)(2)(C). *Id.* at 2. On the same day, Pollard served responses to Steiner's discovery requests. R. Doc. 73-1 at 1–2. Included within Pollard's voluminous production (440,564 KB) was a folder labeled "Expert Reports" containing five documents: a 2021 "Work Status Summary" for Dr. Deryk Jones, R. Doc. 73-3, a 2021 "note" from Dr. Jennifer Thomas-Taylor, R. Doc. 73-4, a 2020 "evaluation" from Marc Cavallino, R. Doc. 73-5, a 2021 "closure report" from Danielle G. Rhodes, R. Doc. 73-6, and a "resume and testimony list" for David A. Macpherson, R. Doc. 73-7.

Pollard's disclosures are untimely and insufficient. Pollard failed to provide an expert report for wage-loss expert Dr. Deryk Jones as required by Rule 26(a)(2)(b). Likewise, Pollard has not produced summary disclosures for the eight treating physicians in accordance with Rule 26(a)(2)(C). The work status summary, note, evaluation, closure report, and resume included in Pollard's June 3, 2026, production do not satisfy Rule 26(a)(2)(C) because they do not state the subject matter nor facts and opinions to which theses witnesses are expected to testify. While the Court recognizes that additional expert-related materials may be contained within Pollard's vast

discovery production, any such materials were produced after the June 1, 2026, deadline. With the trial date approaching on August 17, 2026, permitting untimely expert disclosures would prejudice Steiner's ability to prepare and undermine the Court's scheduling order. Given Pollard's lack of an explanation for the delay, exclusion of the untimely expert testimony is appropriate. Accordingly;

**IT IS ORDERED** that Defendant's Motion to Strike, R. Doc. 73, is **GRANTED**. The Court **STRIKES** experts David A. Macpherson, Dr. Deryk Jones, Dr. Jennifer Thomas-Taylor, Marc D. Cavallino, Dr. Phillip W. Lundy, Tanya Brown, Roni Raines, Teresa Collins, and Danielle G. Rhodes, and orders that these experts are not permitted to introduce evidence in support of a motion or at trial.

New Orleans, Louisiana, this 29th day of June, 2026.

_____
THE HONORABLE ELDON E. FALLON